UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| BYRON ELROY CRUTCHER,<br><br>    Plaintiff,<br><br>vs.<br><br>JENNIFER LEAHEY, SOUTH DAKOTA PAROLE & PROBATION; THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA, CALVIN JOHNSON, WARDEN;<br><br>    Defendants. | 5:19-CV-05077-KES<br><br>REPORT AND RECOMMENDATION REGARDING 28 U.S.C. § 2254 HABEAS PETITION (DOCS. 1, 27) |

## INTRODUCTION

This matter is before the court on Petitioner Bryon Elroy Crutcher's *pro se* petition for habeas relief pursuant to 28 U.S.C. § 2254. (Docs. 1, 27). The pending matter was referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTS

On May 13, 2019, Mr. Crutcher plead guilty to one count of Grand Theft in violation of SDCL 22-30A-17(a) in Meade County within the Fourth Judicial Circuit of the state of South Dakota. See State v. Crutcher, 46CRI19-46 (2019). See also (Doc. 33-1 at p. 1). On July 10, 2019, Mr. Crutcher was sentenced to a term of imprisonment of 100 days in the Meade County Jail with 95 days suspended and credit for 1 day of time served. (Doc. 33-1 at p. 1). Mr. Crutcher never appealed his judgment of conviction. (Doc. 27 at p. 2).

On November 25, 2019, Mr. Crutcher filed the pending federal habeas petition pursuant to 28 U.S.C. § 2254. (Doc. 1). His petition challenged the above-named conviction from Meade County, file number 19-46, as well another criminal case of his, file number 19-1094. Id. As a result of his conduct in the state of South Dakota, the state of Nevada revoked Mr. Crutcher's parole and incarcerated him at the High Desert State Prison in Nevada, where he currently remains incarcerated.

Because Mr. Crutcher's habeas petition sought relief from judgments[1] of more than one state court in a single petition in violation of Rule 2(e) of the Rules Governing § 2254 Cases in the United States District Courts, this court required Mr. Crutcher to file an amended petition specifying which case or conviction he was challenging. (Doc. 26). Mr. Crutcher filed an amended petition challenging his Meade County conviction in file number 19-46. (Doc. 27). Accordingly, this court will not analyze any other cases or convictions of Mr. Crutcher's.

Following the filing of his pending § 2254 petition, Mr. Crutcher filed a state writ of habeas corpus on December 18, 2019. See Crutcher v. State, 46CIV19-000419 (2019). Like his § 2254 petition, Mr. Crutcher's state habeas petition also challenges his conviction as a result of file number 19-46.[2] Mr. Crutcher's state habeas petition is still awaiting resolution by the state court.

---

[1] The court notes that despite Mr. Crutcher challenging file number 19-1094, no judgment of conviction is associated with that file number because the case was dismissed on December 6, 2019. (Doc. 33-3 at p. 1).
[2] Mr. Crutcher's state habeas petition also appears to challenge file number 46CRI19-898 from Lawrence County.

For the reasons discussed below, this court respectfully recommends granting Respondents' Motion to Dismiss (Doc. 32) and dismissing Mr. Crutcher's § 2254 habeas petition (Docs. 1, 27) without prejudice, for failure to exhaust state court remedies.

## DISCUSSION

### I.   State Court Exhaustion

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas review of state court convictions is limited to claims the petitioner previously presented to the state courts for consideration:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>> (A) the applicant has exhausted the remedies available in the courts of the state; or
>> (B)   (i) there is an absence of available State corrective process; or
>>       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c).

"[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). If a ground for relief in the petitioner's claim makes factual or legal arguments that were not present in the petitioner's state claim, then the ground is not exhausted. Kenley v. Armontrout, 937 F.2d 1298, 1302 (8th Cir. 1991). The exhaustion

doctrine protects the state courts' role in enforcing federal law and prevents the disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982). The Supreme Court has stated:

> Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Id. at 518 (quoting Darr v. Burford, 339 U.S. 200, 204 (1950)).

The exhaustion rule requires state prisoners to seek complete relief on all claims in state court prior to filing a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b). Therefore, federal courts should dismiss a petition that contains claims which the petitioner did not exhaust at the state level. See 28 U.S.C. § 2254; Rose, 455 U.S. at 522. "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993). The exhaustion requirement is waived "only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995).

## II. Mr. Crutcher Failed to Exhaust State Remedies

Mr. Crutcher's amended § 2254 habeas petition alleges four grounds: (1) Sixth Amendment Ineffective Assistance of Counsel; (2) Ineffective Assistance of Counsel for His Appeal of Right; (3) The Fourteenth Amendment, Fifth Amendment, Sixth Amendment, and Eighth Amendment Rights to the United

States Constitution; and (4) The Eighth Amendment, Fifth Amendment, and Equal Protection Rights to the United States Constitution. (Doc. 27). Mr. Crutcher admits he did not appeal the conviction or sentence he is challenging to the South Dakota Supreme Court. Id. at p. 2. Additionally, Mr. Crutcher's state habeas petition is still pending before the state circuit court. Therefore, the South Dakota Supreme Court has not been afforded the opportunity to "rule on the factual and theoretical substance of his claim[s]." Ashker, 5 F.3d at 1179.

Mr. Crutcher's petition, in its entirety, has failed to exhaust state court remedies because the South Dakota Supreme Court has not been afforded the opportunity to consider any of Mr. Crutcher's claims, whether on direct appeal or through habeas proceedings.[3] As such, Mr. Crutcher's § 2254 petition is not a "mixed" petition, comprised of exhausted and non-exhausted claims, and therefore, this court need not consider whether the petition should be stayed pending resolution of the state habeas petition. See Rhines v. Weber, 544 U.S. 269 (2005) (permitting a district court, in limited circumstances, to enter an order staying a mixed habeas petition to allow Petitioner to present

---

[3] Mr. Crutcher argues he has exhausted state court remedies because he filed documentation with the South Dakota Supreme Court which were returned because they were not in proper statutory form to invoke the Court's appellate or original jurisdiction. (Doc. 27). This court disagrees with Mr. Crutcher's analysis. Mr. Crutcher must follow proper state procedures when exhausting his claims before the state circuit courts or the South Dakota Supreme Court. See Scott v. Schriro, 567 F.3d 573, 582 (9th Cir. 2009) (internal citations omitted) (emphasis added) ("A petitioner fully and fairly presents a claim to the state courts if he presents the claim (1) to the correct forum . . . (2) *through the proper vehicle* . . . and (3) by providing the factual and legal basis for the claim."). See also McClain v. Duckworth, 569 F. Supp. 840, 842 (N.D. Ind. 1983) ("Further, this court declines to hold that petitioner's 'shotgun' approach to filing numerous (and variously captioned) pleadings among different state and federal courts constitutes compliance with the statutory mandate of exhaustion.").

unexhausted claims to the state court).  Furthermore, Mr. Crutcher has not shown any "exceptional circumstances of peculiar urgency" warranting waiving the exhaustion requirement.  See Mellott, 63 F.3d at 784.

Because Mr. Crutcher has failed to exhaust state court remedies, dismissal of Mr. Crutcher's § 2254 habeas petition is proper.  See Kiir v. Young, No. 4:19-CV-04056-KES, 2019 WL 4280134, at *1 (D.S.D. Apr. 19, 2019), report and recommendation adopted, No. 4:19-CV-04056-KES, 2019 WL 3283237 (D.S.D. July 22, 2019) (recommending dismissal of a § 2254 petition where some claims had not yet been exhausted and a state court writ of habeas corpus was pending); Odom v. North Dakota, No. CIV. 3:08-CV-57, 2008 WL 5396283, at *2 (D.N.D. Dec. 22, 2008) (dismissing a § 2254 habeas petition where Petitioner "filed petitions for state post-conviction relief, but he neither afforded the state district court an opportunity to rule on his petitions or sought an appeal from the district court's ruling before seeking federal habeas relief.").  Additionally, because this court accepts Respondents' argument that Mr. Crutcher has failed to exhaust state court remedies, this court need not consider Respondents' other arguments on the merits in favor of the Motion to Dismiss.

Accordingly, this court respectfully recommends dismissing, without prejudice, Mr. Crutcher's § 2254 habeas petition for failure to exhaust all available state court remedies.  See Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998) (holding that when a petitioner fails to exhaust state remedies,

the federal court should normally dismiss the petition without prejudice to allow the petitioner to properly exhaust his remedies).

## CONCLUSION

Based on the foregoing, it is respectfully recommended that:

Mr. Crutcher's § 2254 habeas petition (Doc. 1) and amended § 2254 habeas petition (Doc. 27) be dismissed, without prejudice, for failure to exhaust state court remedies and Respondents' Amended Motion to Dismiss (Doc. 32) be granted.

Furthermore, it is respectfully recommended that all other pending motions in this case be denied as moot.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 8th day of June, 2020.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge