UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| BYRON ELROY CRUTCHER, | 5:19-CV-05077-KES |
| Petitioner, | |
| vs. | ORDER ADOPTING THE REPORT AND RECOMMENDATION IN FULL AND DISMSSING PETITIONS |
| JENNIFER LEAHEY, South Dakota Parole & AMP Probation, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA, and CALVIN JOHNSON, Warden, | |
| Respondents. | |

Petitioner, Byron Elroy Crutcher, filed a petition and an amended
petition for writ of habeas corpus under 28 U.S.C. § 2254. Dockets 1, 27. The
petitions were assigned to United States Magistrate Judge Daneta Wollman
under 28 U.S.C. § 636(b)(1)(B), and this court's March 9, 2015, standing order.

Respondents move to dismiss Crutcher's amended petition and argue
that Crutcher failed to exhaust his state court remedies. Docket 32. Magistrate
Judge Wollman filed a report and recommendation that recommended
dismissal without prejudice of Crutcher's petitions. Docket 34 at 7. Crutcher
objects to Magistrate Judge Wollman's report and recommendation. Docket 38.

I.     **Factual Background**

A full factual background was provided by Magistrate Judge Wollman in
her report and recommendation. Docket 34. This court will only give a simple

explanation and points to Magistrate Judge Wollman's report and recommendation for the full background.

Crutcher pleaded guilty to one count of grand theft under SDCL § 22-30A-17(1) in Meade County. *State v. Crutcher*, 46CRI19-46(2019); Docket 33-1 at 1. He was sentenced in the Fourth Judicial Circuit of the State of South Dakota to 100 days in the Meade County jail with 95 days suspended and credit for one day time served. Docket 33-1 at 1. Crutcher did not appeal his judgment of conviction. Docket 27 at 2. Crutcher filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and challenged two different criminal convictions (one that resulted in the above conviction but also a conviction from the state of Nevada). Docket 1. This court required Crutcher to file an amended petition because under Rule 2(e) of the Rules Governing § 2254 a habeas petition cannot seek relief from judgment in more than one state court. Docket 26. Crutcher filed an amended petition (Docket 27). He also filed a state writ of habeas corpus on December 18, 2019, and was appointed counsel, Joshua M. Hilpert. *See* Docket 33-2. His state writ of habeas corpus is still pending. *Id.*

## II.    Legal Standard

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de

novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

### A.   Legal Analysis

Crutcher's amended petition alleges that his custody is in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments. *See* Docket 27. Crutcher argues that he has exhausted his state court remedies when he filed two documents with the South Dakota Supreme Court that were later denied due to being in improper form. *Id.* at 7, 11, 21, 31. In her report and recommendation, Magistrate Judge Wollman disagreed and held that in order for Crutcher to have exhausted his state court remedies he was required to present his claim through the proper vehicle. *See* Docket 34 at 5 n.3 (citing *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (holding that in order for a petitioner to exhaust state court remedies he must go through the "proper vehicle"). Magistrate Judge Wollman held that Crutcher has not shown exceptional circumstances to waive the state court exhaustion requirement and recommended that Crutcher's petitions (Dockets 1, 27) be dismissed for failure to exhaust state court remedies and because he has a pending state habeas corpus petition. Docket 34 at 6-7.[1]

---

[1] Magistrate Judge Wollman's report and recommendation states that because Crutcher's amended petition is not a mixed petition (a petition comprised of exhausted and unexhausted claims) the court should dismiss the petition. Docket 34 at 5.

In his objections, Crutcher argues that the South Dakota Supreme Court and Magistrate Judge Wollman's report and recommendation have not been liberally construed in his favor as a pro se plaintiff. Docket 38. Crutcher claims that the courts have not "followed the United States Supreme Court's mandates to hold proper person litigants [pro se litigants] to a lesser standard . . . [and] prays and request[s] this court not send petitioner back to state court and rule on the merits of petitioner's claims[.]" *Id.* at 2. Crutcher alleges that the "attorney general is attempting to get this court to dismiss petitioner's constitutional challenges to certain grounds, [that were] clearly raised in state court." *Id.*

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies. 28 U.S.C. § 2254(b). Exhaustion requires giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting the issues in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). *See also Weaver v. Bowersox*, 438 F.3d 832, 839 (8th Cir. 2006) (a petitioner's claims must be adjudicated on the merits by a state court). "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993). A failure to properly exhaust remedies in accordance with state procedure results in a procedural default of the prisoner's claims. *O'Sullivan*, 526 U.S. at 848.

Section 2254 states that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that … circumstances exist that render such process [state exhaustion] ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). The Eighth Circuit has recognized a waiver of the exhaustion requirement when it "would be futile in light of the state's vindictive actions toward [petitioner] in the past." *Thompson v. Mo. Bd. of Parole*, 929 F.2d 396, 399 (8th Cir. 1991) (holding that exhaustion would be futile due to prosecution's vindictive acts of withholding material evidence and unconstitutional jury selection in three trials.). Exhaustion can also be waived " 'in rare cases where exceptional circumstances of peculiar urgency are shown to exist.' " *Mellott v. Purkett*, 63 F.3d 781, 785 (8th Cir. 1995) (quoting *Granberry v. Greer*, 481 U.S. 129, 131 (1987)). Generally, the petitioner must show the need for an urgent decision and an additional factor. *See Jones v. Solem*, 739 F.2d 329, 331 (8th Cir. 1984) (stating a factor to consider is whether the state has been "unnecessarily and intentionally dilatory").

In his objections, Crutcher claims that he did exhaust his state court remedies because he filed two documents within the state court and thus gave the court the opportunity to reach the merits of his claims. Docket 38. On November 5, 2019, the South Dakota Supreme Court notified Crutcher that his documents were being returned because they were "not in proper statutory form to invoke this Court's appellate or original jurisdiction." Docket 27 at 3. Under South Dakota law, original jurisdiction of the South Dakota Supreme

Court is "reserved for the consideration of matters of prerogative, extraordinary, and general concern." SDCL § 15-25-1. Appeals can be taken from judgments and orders of the circuit courts. SDCL § 15-26A-3. On November 22, 2019, the South Dakota Supreme Court returned Crutcher's request under SDCL § 15-26A-70.1 because he had been appointed counsel. Docket 27 at 4. (Section 15-26A-70.1 states that when a party is represented by counsel, filings that are submitted pro se cannot be accepted by the clerk of the Supreme Court on appeal). Crutcher argues that these documents are proof that he gave the state courts an opportunity to rule on the merits of his claims. *Id.* He alleges that the state court has continuously sent him on "futile attempts". Docket 38 at 5.

Giving the court an "opportunity" to rule on the merits is not the same thing as affording "the highest state court a *fair* opportunity to rule on the factual and theoretical substance of his claim." *Ashker*, 5 F.3d at 1179 (emphasis added). Crutcher's pro se filings with the state court were denied due to jurisdictional issues and because his filings were contrary to South Dakota codified laws. Docket 27 at 3,4. Although courts liberally construe pro se pleadings, exhaustion requires that the state courts have "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's *established appellate review process*" before presenting the issues in a federal habeas petition. *O'Sullivan,* 526 U.S. at 845 (emphasis added). Crutcher did not follow the established appellate review process as indicated by the South Dakota Supreme Court and still has a pending state

6

writ of habeas corpus. Crutcher has been appointed counsel in his pending state writ of habeas corpus and this writ will give the state court an opportunity to look at the merits of his petition.

Next, Crutcher does not articulate good cause that would justify waiving the exhaustion requirement. He asserts that the state court is failing to liberally construe his pleadings as a pro se plaintiff but he does not allege facts that show an urgent need for a decision or that the state denied his forms due to a vindictive reason. *See Thompson*, 929 F.2d at 399; *Mellott*, 63 F.3d at 785 Because Crutcher has a pending habeas petition, is represented by counsel in state court, and has failed to allege facts that would waive the exhaustion requirement, his objections to Magistrate Judge Wollman's report and recommendation are denied. This court adopts Magistrate Judge Wollman's report and recommendation (Docket 34) in full.

## B.   Certificate of Appealability

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). "Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA from a circuit justice or judge." *Id.* at 335–36. A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court

finds Crutcher failed to make a substantial showing that his constitutional

rights were denied because his claims have not been exhausted in state court.

Thus, a certificate of appealability is not issued. *See* 28 U.S.C. § 2253(c)(2) ("A

certificate of appealability may issue . . . only if the applicant has made a

substantial showing of the denial of a constitutional right.").

Thus, it is ORDERED

1. Magistrate Judge Wollman's report and recommendation (Docket 34)
   is adopted in full and Crutcher's objections (Docket 38) are denied.

2. Respondents' amended motion to dismiss (Docket 32) is granted and
   Crutcher's petitions (Dockets 1, 27) are dismissed without prejudice.
   All other pending motions (Dockets 3, 8, 12, 17, 20, 22, 23, 28, 29)
   are denied as moot.

3. That based upon the reasons stated and under Fed. R. App. P. 22(b),
   the court finds that petitioner has not made a substantial showing of
   the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Thus, a
   certificate of appealability is denied.

Dated August 17, 2020.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE