UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| BYRON ELROY CRUTCHER,<br><br>                Petitioner,<br><br>vs.<br><br>JENNIFER LEAHEY, South Dakota Parole & Probation, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA, and CALVIN JOHNSON, Warden,<br><br>                Respondents. | 5:19-CV-05077-KES<br><br>ORDER DENYING AS MOOT PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AND DENYING PETITIONER'S MOTION TO STAY |

      Petitioner, Byron Elroy Crutcher, filed a petition and an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. Dockets 1, 27. This Court adopted the Magistrate Judge's report and recommendation in full and entered judgment in favor of respondents. Dockets 39, 40. Crutcher was denied a certificate of appealability because his claims had not been exhausted in state court. Docket 39 at 8. Now, Crutcher moves for a certificate of appealability and for this court to stay or hold his petition in abeyance. Dockets 42, 43. Because this court has already denied Crutcher a certificate of appealability, his motion (Docket 42) is denied as moot.

      Crutcher requests that this court stay or hold in abeyance his habeas petition so that his petition will not be barred by the statute of limitations. Docket 43. Courts have the discretion to stay or hold in abeyance a "mixed"

habeas petition—meaning the petition contains exhausted and unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275-76 (2005) (holding that the stay and abeyance procedure is appropriate when the dismissal of a mixed petition would likely prejudice the petitioner). Courts have refused to extend the stay and abeyance procedure set forth in *Rhines* to habeas petitions with only unexhausted claims. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see Locklear v. Weber*, 2011 U.S. Dist. LEXIS 52664, at * 3-4 (D.S.D. May 16, 2011); *Murphy v. Feneis*, 2007 WL 2320540, at *7 (D. Minn. Aug. 10, 2007) (refusing to extend *Rhines* to stay a habeas petition that contained only unexhausted claims). Here, Crutcher's habeas petition is not mixed and the petition only contains unexhausted claims. Docket 39. Because Crutcher's petition is not mixed, this court denies his motion to stay (Docket 42). Additionally, the request for a stay is denied because under 18 U.S.C. § 2244(d)(2), the "time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As a result, there is no reason for a stay.

Thus, it is ORDERED:

1. That Crutcher's motion for a certificate of appealability (Docket 42) is denied as moot.

2. That Crutcher's motion to stay or hold in abeyance (Docket 43) is denied.

Dated September 14, 2020.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE